DA 10-0157

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 221N

JOEL M. WHITE,

      Petitioner and Appellant,

    v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DC 92-33
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Joel Miles White, self-represented litigant, Shelby, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

      Michael B. Hayworth, Rosebud County Attorney, Forsyth, Montana

            Submitted on Briefs:  August 10, 2010

            Decided:  October 26, 2010

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Joel White appeals from an order of the Sixteenth Judicial District, Rosebud County, denying White's postconviction motions. We affirm.

¶3 This appeal originates from White's January 10, 1994 sentencing for Felony Assault on a Peace Officer and Felony Criminal Mischief. White received consecutive, suspended ten-year sentences and was ordered to pay restitution of $480.49. These sentences were revoked in 2000, 2002, 2003 and 2006.

¶4 On June 9, 2009, White moved the District Court to extinguish his restitution obligation. The District Court denied the motion, determining that the issue was controlled by this Court's decision in *State v. Brown*, 2008 MT 115, 342 Mont. 476, 182 P.3d 75, and § 46-18-241, MCA. On February 11, 2010, White re-raised the issue of restitution in a motion for postconviction relief. The District Court concluded that pursuant to § 46-21-102, MCA, White's right to postconviction relief had expired.

¶5 White raises the issue of whether the District Court improperly denied his motion for postconviction relief from his 1994 restitution obligation. He argues that the explicit

terms of his 1994 Order of Sentence limited repayment to five years. White points out that the phrase, "within five years," is written next to the restitution amount. The State responds that White fails to address the District Court's conclusion that postconviction relief was time-barred. Additionally, the State argues that White's claim of extinguishment is meritless.

¶6 White's motion for postconviction relief is time-barred. Section 46-21-102(1), MCA, governs the applicable time period for postconviction relief:

> (1) Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:
>     (a) the time for appeal to the Montana supreme court expires[.]

White's right to postconviction relief from his 1994 sentence has long since expired.

¶7 Additionally, White's restitution obligation did not extinguish after five years. In *State v. Brown*, 2008 MT 115, 342 Mont. 476, 182 P.3d 75, we recognized that "restitution obligations have always been, in substance, civil judgments." *Brown*, ¶ 18. As such, "the duty to pay full restitution under the sentence remains with the offender . . . until full restitution is paid." Section 46-18-241(1), MCA. White's interpretation of the sentencing order runs contrary to the policy of restitution. Moreover, setting a time limit on a restitution obligation would only encourage, and reward, avoidance of paying one's debt to society.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for

memorandum opinions. It is manifest on the face of the briefs and the record that the issues are clearly controlled by settled Montana law.

¶9 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS